UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:02-cr-00002-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BEVERLY VIGIL (AKA BEVERLY VIGIL-ZOTTI or BEVERLY ZOTTI), | |
| Defendant, | |
| and | |
| INTERSECT CAPITAL, LLC; FIRST HAWAIIAN BANK; BANK OF HAWAII; JP MORGAN CHASE BANK, N.A.; and TRANSAMERICA LIFE INSURANCE COMPANY, | |
| Garnishees. | |

## INTRODUCTION

Before the Court are Defendant Beverly Vigil's requests to transfer the above-captioned garnishment proceedings to the Northern District of California (Dkts. 154-58) and the Government's related filings, which include an Objection to Defendant's Claims of Exemptions and Requests for Hearings (Dkt. 159) and four separately filed Motions for Garnishment Disposition Order (Dkts. 168-71). For

the reasons explained below, the Court will grant Vigil's request and transfer the garnishment proceedings to the Northern District of California.

## BACKGROUND

In September 2002, Defendant Beverly Vigil[1] pleaded guilty to conspiracy to commit wire fraud and conspiracy to deliver misbranded drugs into interstate commerce. *See* Dkts. 19, 23. She was sentenced to 33 months' imprisonment, followed by a three-year term of supervised release. *See June 26, 2003 Judgment,* Dkt. 53. Additionally, the Court ordered restitution in the amount of $792,386.70. *Id.* The government reports that the outstanding balance of monetary penalties as of September 2023 is $634,765.62. As part of its efforts to collect these outstanding monetary penalties, the government has sought to garnish monies from various different entities, including Vigil's employer, Kenneth D. Zotti, Inc. (dba Zotti Plumbing Company) ("Zotti") as well as the five institutions identified in the caption above.

### 1.  The 2019 Zotti Garnishment Proceeding

The garnishment proceedings relating to Zotti began in the summer of 2019, when this Court granted the government's motion for issuance of a writ of

_____

[1] Ms. Vigil has remarried and is now known as Beverly Vigil-Zotti, or Beverly Zotti. For ease of reference, however, and to avoid confusion, the Court will refer to her as Beverly Vigil here, because the garnishee in this matter is Kenneth D. Zotti, Inc.

continuing garnishment. *See Order,* Dkt. 106. The Court will refer to this proceeding as the "2019 Zotti Garnishment Proceeding," given that the government later sought and obtained a new writ of garnishment related to Zotti. *See Sept. 7, 2023 Writ*, Dkt. 173.

Zotti answered the 2019 writ of garnishment, indicating that Vigil was employed by the company as an office administrator. Zotti further indicated that Vigil had "an undetermined community property interest in Kenneth D. Zotti, Inc. due to operation of California law." *Answer of Garnishee*, Dkt. 109, at 3. Vigil asked the Court to transfer the matter to the Northern District of California, as that is where she resided. *See* Dkt. 110. Zotti joined the request for a transfer. Among other things, Zotti noted that the government had scheduled a deposition to occur in California. *See Joinder,* Dkt. 117, at 2. In February 2020, the Court transferred the 2019 Zotti Garnishment Proceeding to the Northern District of California, over the government's objection. *See Feb. 10, 2020 Order,* Dkt. 122. Later, that court entered a garnishment disposition order, directing Zotti to pay the government 25% of Vigil's non-exempt disposable earnings from each of her paychecks.

## 2. The 2023 Financial Institutions Garnishment Proceedings

In March 2023, roughly three years after the Court transferred the 2019 Zotti Garnishment Proceeding to the Northern District of California, the government obtained writs for five new garnishees: (1) Intersect Capital, LLC; (2) First

Hawaiian Bank; (3) Bank of Hawaii; (4) JP Morgan Chase Bank, N.A.; and (5)

Transamerica Life Insurance Company. *See* 139-143. Vigil once again requested

that the garnishment proceedings be transferred to the Northern District of

California. *See* Dkts. 154-58. And the government again objects to a transfer. *See*

Dkt. 159. Also, the government filed motions asking the Court to enter

garnishment disposition orders related to four of those garnishees (each institution

named above except Intersect Capital, LLC).[2]

### 3. The 2023 Zotti Garnishment Proceeding

Roughly six months after it obtained writs of garnishment for the institutions

discussed above, the government sought and obtained a new writ of garnishment

for Zotti. The latest Zotti garnishment proceeding—which the Court will refer to as

the "2023 Zotti Garnishment Proceeding"—relates to the government's efforts to

collect funds from Vigil's 401(k) account. The government has apparently been on

something of a wild goose chase trying to track down information related to that

account. It explained the situation in its application for a writ of garnishment as

---

[2] It appears possible that the government will drop the Intersect Capital garnishment proceeding, given that Intersect Capital has "indicated that there are funds in a 401k employee plan retirement account, but that they are not the custodian of funds." *See Gvt. App. for Writ of Garnishment as to Kenneth D. Zotti, Inc.*, Dkt. 172, at 2 (citing Intersect Capital's Answer to Garnishment, Dkt. 147). Nonetheless, in an abundance of caution, and for the sake of completeness, this Court will transfer the Intersect Capital garnishment proceeding to the Northern District of California along with the others.

follows:

> Intersect Capital, LLC indicated that there are funds in a 401k employee plan retirement account, but that they are not the custodian of funds. *See* ECF No. 147. After several discussions with Charles Schwab & Co, Inc., FuturePlan by Ascensus, LLC, and Intersect Capital, LLC the funds are held by Schwab & Co., Inc. in a pooled account, so Schwab does not know who may have an interest in the funds. ***However, Defendant's employer, Kenneth D. Zotti, Inc. is the employer and has control and the ability to determine defendant's interest and also has the ability to order distribution. Therefore, the true and correct garnishee of the 401k employee sponsored plan is Kenneth D. Zotti, Inc.*** and … Charles Schwab & Co., Inc., is simply the manager of funds Therefore, the United States is applying for a new garnishment against Kenneth D. Zotti, Inc. for garnishment of Defendants interest in a 401k employee sponsored plan.

*Sept. 1, 2023 App. for Writ of Garnishment,* Dkt. 172, at 2 (emphasis added). Zotti has answered this writ of garnishment. *See* Dkt. 175. The government says the answer is insufficient and asks the Court to direct Zotti to file an amended answer. If Zotti fails to do so, the government requests a hearing on the matter under 28 U.S.C. § 3205(c)(5) and (6). *See Nov. 13, 2023 Objection,* Dkt. 176. Although Vigil has not requested the Court transfer the 2023 Zotti Garnishment Proceeding to the Northern District of California, the Court will direct the parties to submit supplemental briefing as to whether a transfer is permissible and advisable, given that (1) the 2019 Zotti Garnishment Proceeding was previously transferred to the Northern District of California, and (2) the Court will transfer the garnishment proceedings related to the above-named institutions to the Northern District of California.

## ANALYSIS[3]

The Federal Debt Collection Procedures Act (FDCPA) sets forth the procedures available to the government for collecting criminal restitution. *See United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005). Section 3004(b)(2) provides: "If the debtor so requests, within 20 days after receiving the notice ..., the action or proceeding in which the writ ... was issued *shall be transferred to the district court for the district in which the debtor resides*." 28 U.S.C. § 3004(b)(2) (emphasis added). Authority is relatively sparse on the issue, but courts are split on whether a requested transfer is mandatory or discretionary where good cause is shown. *Compare, e.g., United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999) ("Because the plain language of [FDCPA] is mandatory, the district court must grant a transfer as long as it is made in a timely manner.") *with United States v. Mathews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) ("[T]he FDCPA's transfer provision is not mandatory.") The split exists because, notwithstanding the language of § 3004 (which states that the action *shall be transferred* upon a timely request), the FDCPA also grants courts authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. The Ninth Circuit

---

[3] Much of the analysis in this section is cut and pasted from the Court's earlier transfer order, given that the Court has already plowed this ground. *See* Feb. 10, 2020 Order, Dkt. 122.

has not yet weighed in on the issue.

The Court is not convinced that the general language of § 3013 allows courts to disregard the more specific directive in § 3004(b)(2). Section 3004(b)(2) plainly says that upon a timely request, the action *shall* be transferred. The word "'shall" "creates an obligation not subject to judicial discretion." *Lexecon Inc. v .Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998). The government does not agree with the Court's conclusion and once again urges the Court to deny Vigil's request to transfer these proceedings to the district where she resides. The Court is not persuaded by the government's argument for at least three reasons.

*First,* as already explained, the Court previously concluded that a transfer is mandatory and it has not changed its mind.

*Second*, even assuming a transfer was an available option, this ultimately means the burden would shift to the government to show good cause to deny the transfer request. *See United States v. Gipson,* 714 F. Supp. 2d 571, 576 (E.D. Va. 2010). The Court has considered the government's various arguments and does not find that it has shown good cause. The government's primary argument is that a transfer would be inappropriate because Vigil's claimed exemptions are baseless. *See Response,* Dkt. 159, at 8 ("Here, there is no good reason to transfer the garnishment proceedings because there is no valid claim for an exemption."). But the Court does not find that to be a sufficient reason for denying the requested

transfer. As one court concluded in the context of granting a transfer over the government's objection: "[Defendant] Gipson's assertion of a baseless legal argument . . . does not, without more, create good cause to deny her request to transfer this proceeding." *Gipson,* 714 F. Supp. 2d at 577. The government also says that the 2019 *Zotti* Garnishment Proceeding "has sat idle in the Northern District of California ever since (years later), showing that transfers curtail restitution collection." Dkt. 159, at 8. But it's not clear why that proceeding has remained idle. The government does not explain why this is the case, nor does it detail any efforts it has taken to advance that proceeding. Plus, the Court reviewed the docket sheet in the Northern District of California case, and noted that when that court was presented with a motion for a garnishment disposition order (relating to garnishment of defendant's wages, alluded to above), it promptly granted the motion. *See Disposition Order (Writ of Continuing Garnishment), United States v. Vigil,* Case No. 3:20-cr-221-CRB (N.D. Cal. July 1, 2020). Thus, it would seem that if the government filed a motion in the Northern District of California—asking the court to resolve the matter, or at least asking for a status conference—that court would promptly address any remaining issues.

*Third,* and finally, given that this Court previously transferred the 2019 Zotti Garnishment Proceeding to the Northern District of California, it makes sense to transfer the above-captioned garnishment proceedings as well. Generally speaking,

it would make sense to keep the various garnishment proceedings in one district –
where the defendant resides, given that she has routinely requested transfers to her
home district. The overall purpose of the transfer-of-venue provision is "to prevent
the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the
public against unnecessary inconvenience and expense.'" *Van Dusen v Barrack*,
376 U.S. 616 (1964) (quoting *Continental Grain Co. v. Barge FBL*, 364 U.S. 19,
26-27 (1960)).

For all these reasons, the Court will grant Vigil's request to transfer the
above-captioned garnishment proceedings to the Northern District of California.
That court can determine whether hearings are necessary and whether to grant the
government's pending motions for garnishment disposition orders. *See* Dkts. 168-
71. As for the 2023 Zotti Garnishment Proceeding, the Court will enter a separate
order, directing the parties to submit supplemental briefing as to whether a transfer
is permissible and, if so, advisable.

## ORDER

**IT IS ORDERED that:**

**(1)** Defendant Beverly Vigil's requests to transfer the above-captioned
garnishment proceedings to the Northern District of California, *see* Dkts.
154-58, are **GRANTED.**

**(2)** The Clerk is directed to inform the Northern District of California that

the motions at Dkts. 168 through 171 are pending.

DATED: January 16, 2024

B. Lynn Winmill
U.S. District Court Judge